# Allen *v.* McCullough, *et al.*

*Bill in Equity to cancel Conveyances of Land.*

1. *Lender of money not chargeable with facts known to the agents of the borrower.*—One who lends money upon a mortgage on lands, regularly executed, is not chargeable with the knowledge of brokers, who negotiated the loans as the agents of the borrower, that the mort-

[Allen v. McCullough et al.]

gagor's title to the said lands was acquired through a voluntary conveyance from his daughter, a married woman; the brokers not being the agents of the lender, and the lender having no knowledge or notice of the attempted evasion of the law.

· 2. *Dismissal of bill in equity.*—When the relief prayed for in a bill in equity can not be granted, but the bill can be amended so as to allow the complainant some relief, it should be dismissed without prejudice.

APPEAL from the City Court of Montgomery.

· Heard before the Hon. THOMAS M. ARRINGTON.

The bill in this case was filed by the appellant, Sophronia E. Allen, ·against Thomas McCullough and others, and prayed for the cancellation of certain conveyances, executed by the complainant and the respondent, Thomas McCullough. The facts of the case are sufficiently stated in the opinion. On the hearing of the cause, the chancellor decreed that the complainant was not entitled to the relief prayed for, and dismissed her bill. On the present appeal, prosecuted by the complainant, she assigns as error this decree of the chancellor.

WATTS & SON, for appellant, cited *Brunson v. Brooks*, 68 Ala. 248; *Tutwiler v. Montgomery*, 73 Ala. 263; *Dudley v. Witter*, 46 Ala. 664; *Corbitt v. Clenny*, 52 Ala. 480; *Wallace v. Nichols*, 56 Ala. 321; *Creswell v. Jones*, 68 Ala. 420; *Herbert v. Hanrick*, 16 Ala. 581; *Fenno ·v. Sayre*, 3 Ala. 458; Wade on Notice, § 276; *Conner v. Williams*, 57 Ala. 131; *Williams, Birnie & Co. v. Bass*, 57 Ala. 487.

WEBB & TILLMAN and CALDWELL BRADSHAW, *contra*, cited *Pique v. Arendale*, 71 Ala. 91; *Tutwiler v. Montgomery*, 73 Ala. 263; *Bloomer v. Henderson*, 77 Amer. Dec. 457; *Humphrey v. Hurd*, 29 Mich. 45; *Scott v. Gallagher*, 14 S. & R. 333; 5 Pick. 450; 3 Sandford's Chancery, 176; 7 Watts, 382.

COLEMAN, J.—The averments of the bill show that complainant, a married woman, possessed of a statutory separate estate in lands, desiring to assist her father, Thomas McCullough, to raise a certain sum of money by mortgage of real estate, conveyed to him, without a valuable consideration to her, by deed, her lands. The bill charges that the New England Mortgage Security Company, the lender, to whom Thos. McCullough executed the mortgage to secure the loan of the money, The Corbin Banking Company, and Collier & Pinckard, the parties through whom the loan was effected, and McCullough, the borrower, all knew the pur-

pose for which she made the deed to her father, and that it was upon no other consideration than to enable her father to effect the loan. The bill further charges that Thos. McCullough executed a second mortgage on the same lands to Collier & Pinckard, as compensation for securing the loan. The bill charges that the New England Mortgage Security Company well knew that the arrangement "was an attempted evasion of the laws of the State of Alabama which prohibited the mortgaging of the statutory separate estate of a married woman," and in the manner adopted attempted to do "indirectly what could not be done directly."

The New England Mortgage Security Company answered the bill, denying the averment, that the Corbin Banking Company and Collier & Pinckard, or either, in any manner was their agent, or represented them in any respect, in effecting the loan; that the Corbin Banking Company submitted to them in the regular course of business the security offered, and being satisfied from an examination made by its own agent and attorney, agreed to loan and did loan the entire amount of money expressed in the note and mortgage executed to it by Thomas McCullough. It denied having any knowledge of the purpose for which complainant executed the deed to her father, or that the consideration expressed in her deed, to-wit, $1,800, was not a true and *bona fide* consideration; denied having any knowledge of or interest in the second mortgage executed by McCullough to Collier & Pinckard.

The answer of the Corbin Banking Co., and the answer of Collier and of Pinckard, accord with the answer of the New England Mortgage Security Company, in the respects stated above.

The New England Mortgage Security Company foreclosed its mortgage under a power of sale, contained in the mortgage, and executed a deed to the purchaser. The bill prays for a cancellation of the deed to McCullough, the deed to the purchaser at foreclosure sale, and the mortgages to the lender, and to Collier & Pinckard. At the final hearing upon the pleadings and evidence the complainant's bill was dismissed out of court.

It can not be seriously contended, under the proof, that the New England Mortgage Security Company had any actual notice, or information of facts which would have led to a knowledge of the fact, that the deed executed by complainant to Thos. McCullough was not a *bona fide* deed, founded upon a valuable consideration. The contention is that the Corbin Banking Company, and Collier and Pinckard

[Allen v. McCullough et al.]

were agents of the New England Mortgage Security Company, and thereby in law it became chargeable with notice of all the facts known to their agents. Ordinarily this is true. Suppose, however, the proof shows, as the testimony on the part of the complainant strongly tends to show in this case, that complainant and her father, and the agents (who are presumed to know the law) of the principal, agree to perpetrate a fraud on the principal, and, in pursuance of this agreement, the wife executed the deed to her father. Having succeeded in their unlawful purpose, so far as to obtain the money from a principal in fact innocent of their unlawful purpose, will she and her father (who evidently is the mover in this proceeding), be allowed to come into a court of equity, and take advantage of their own fraud, and strip the innocent lender of his security?—See *Saint et al. v. Wheeler & Wilson*, 95 Ala. 362; 10 So. Rep. 539.

We need not decide this question. The evidence is overwhelming and of such a character as to leave no doubt, in the mind of the court, that as to the loan by the New England Mortgage Security Company, that neither the Corbin Banking Company, nor Collier & Pinckard, whether acting separately or together, were the agents of the lender. The evidence shows conclusively, that all the transactions with Thomas McCullough, and his daughter, in the preparation of the security upon which it was intended to secure or effect a loan, was matter of contract or agreement between themselves. That having prepared the security, it was then submitted by the Corbin Banking Company to persons and corporations engaged in the business of loaning money. That upon its merits, it was submitted to the New England Mortgage Security Company, and, after careful examination, was accepted by it. We agree with the chancellor, in his conclusion, that neither the Corbin Banking Co. nor Collier & Pinckard acted as the agents of the New England Mortgage Security Company, in obtaining the loan, that it had no notice of any fact sufficient to charge it with a knowledge of the real consideration of the deed to Thomas McCullough, or the purpose for which it was executed. In so far as the decree, dismissing complainant's bill, affects the New England Mortgage Security Company, it is affirmed.

If at any time prior to the final hearing, or at the final hearing, complainant had amended her bill, by striking out the New England Mortgage Security Company, and upon proper averments had prayed for relief only as against Thos. McCullough, and the mortgagees and holders of the second mortgage, a different case would be before us for considera-

[Hammett et al. v. Stricklin.]

tion. There is such a variance between the allegations of the bill as it stands, and a bill with the averments suggested and prayer, that a court could not, having proper regard to the rules of practice and pleading which govern in chancery proceedings, grant relief against Thomas McCullough and the second mortgage in the present condition of the pleadings. We express no opinion upon the weight of the testimony in respect to the holders of the second mortgage. We think, however, the bill should have been dismissed without prejudice as to complainant's right to relief as against Thomas McCullough and the second mortgage.

As thus modified the decree of the Chancery Court is affirmed.

